IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CORNELIUS HAROLD, | ) |
| | ) Civil Action |
| Petitioner | ) No. 11-cv-01949 |
| | ) |
| vs. | ) |
| | ) |
| ROBERT COLLINS | ) |
| (SUPERINTENDENT); | ) |
| THE DISTRICT ATTORNEY OF THE | ) |
| COUNTY OF PHILADELPHIA; and | ) |
| THE ATTORNEY GENERAL OF THE | ) |
| STATE OF PENNSYLVANIA, | ) |
| | ) |
| Respondents | ) |

O R D E R

NOW, this 4th day of November, 2011, upon consideration of the following documents:

>   (1) Petition for Writ of Habeas Corpus by a Person in State Custody, which petition was filed by petitioner Cornelius Harold pro se on March 10, 2011[1] (Document 1); together with
>
>>   Memorandum of Law, which memorandum was filed March 10, 2011 (Document 1-1)
>
>   (2) Response to Petition for Writ of Habeas Corpus, which response was filed by respondents on April 25, 2011 (Document 4);
>
>   (3) Report and Recommendation of Chief United States Magistrate Judge Thomas J. Rueter filed

---

[1] Although the docket entries reflect that the petition for writ of habeas corpus was filed March 18, 2011, petitioner Cornelius Harold indicated next to his signature that he executed the petition on March 10, 2011. (See Petition, page 11.) Pursuant to the prison mailbox rule, this court will consider the date of filing as March 10, 2011. The prison mailbox rule deems a motion to have been filed on the date the petitioner delivered his petition to prison officials to mail. Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1997).

     June 22, 2011 (Document 6); and

     (4) Objections to the Report and Recommendation of Chief Magistrate Judge Thomas J. Rueter Dated June 22, 2011, which objections were filed by petitioner on July 25, 2011 (Document 10);

it appearing after review of this matter that Chief Magistrate Judge Rueter's Report and Recommendation correctly determined the legal and factual issues presented in the petition for habeas corpus relief,

  <u>IT IS ORDERED</u> that the Report and Recommendation of Chief Magistrate Judge Rueter is approved and adopted.[2]

---

[2] When objections are filed to a magistrate judge's report and recommendation, I am required to make a de novo determination of those portions of the report, findings or recommendations made by the magistrate judge to which there are objections. 28 U.S.C. § 636(b)(1); Rule 72.1(IV)(b) of the Rules of Civil Procedure for the United States District Court for the Eastern District of Pennsylvania. Furthermore, district judges have wide latitude regarding how they treat recommendations of the magistrate judge. <u>See</u> <u>United States v. Raddatz</u>, 447 U.S. 667, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980).

 Indeed, by providing for a de novo determination, rather than a de novo hearing, Congress intended to permit a district judge, in the exercise of his or her sound discretion, the option of placing whatever reliance the court chooses to place on the magistrate judge's proposed findings and conclusions. I may accept, reject or modify, in whole or in part any of the findings or recommendations made by the magistrate judge. <u>Raddatz</u>, <u>supra</u>.

 Petitioner is incarcerated at State Correctional Institution Frackville, in Frackville, Pennsylvania, where he is serving a twenty to forty year sentence, imposed by the Court of Common Pleas of Philadelphia County after a jury convicted him of various crimes arising from four armed robberies and an escape from police custody.

 The factual and procedural history underlying petitioner's request for federal habeas relief is well summarized in the Report and Recommendation at pages 1-5, and is incorporated here.

 As discussed further in the footnotes below, I further approve and adopt Chief Magistrate Judge Rueter's legal conclusions in the remainder of the Report and Recommendation.

IT IS FURTHER ORDERED that the objection of petitioner to the Report and Recommendation of Chief Magistrate Judge Rueter is overruled.[3]

---

   [3]   Petitioner appears to raise one objection to the Report and Recommendation of Chief Magistrate Judge Rueter.  Petitioner contends that Chief Magistrate Judge Rueter incorrectly determined that this court lacked jurisdiction to consider his second habeas petition because Chief Magistrate Judge Rueter erroneously concluded that the second petition raised claims that were not authorized by the United States Court of Appeals for the Third Circuit.  Petitioner avers that the Third Circuit "authorized him to argue the issue of equitable tolling in this Court pursuant to 28 U.S.C. § 2244(b)(3)(A)" in a second habeas petition.  (Objections, page 2).

   Further, petitioner contends that his petition solely raises the issue of equitable tolling.  Petitioner contends that Chief Magistrate Judge Rueter erred when he concluded that the petition additionally raises claims of actual innocence, trial court error, improperly excluded exculpatory evidence, and improperly admitted evidence.  Petitioner claims that he listed these issues on the standardized form for habeas petitions only as a summary of prior actions taken in state and federal court proceedings, and he requests, to the extent these claims were incorrectly listed as grounds for habeas relief on the form, to withdraw these issues and proceed solely on the issue of equitable tolling.

   As Chief Magistrate Judge Rueter correctly determined, before a second or successive habeas petition can be filed in the district court, petitioner must seek an order from the Third Circuit authorizing the district court to consider the petition.  28 U.S.C. § 2244(b)(3)(A).  An unapproved second or successive habeas petition must be dismissed or transferred to the Third Circuit pursuant to 28 U.S.C. § 1631.  Robinson v. Johnson, 313 F.3d 128, 139-140 (3d Cir. 2002).

   Contrary to petitioner's contentions, he did not receive authorization from the Third Circuit to file a second or successive petition.  On September 22, 2010, petitioner sought such authorization from the Third Circuit, arguing that the district court improperly failed to equitably toll the statute of limitations for his first habeas petition filed in 2005.  Petitioner claimed that the alleged ineffectiveness of his counsel regarding filing the first petition warrants equitable tolling following the decision of the United States Supreme Court in Holland v. Florida, __ U.S. __, __, 130 S.Ct. 2539, 2562, 177 L.Ed.2d. 130, 145 (2010).

   Rather than authorizing petitioner to proceed with a second habeas petition, on December 22, 2010 the Third Circuit denied petitioner's application as "unnecessary" because the equitable tolling argument does not qualify as a "claim" under 28 U.S.C. § 2244(b).  (See Memorandum of Law, page 10.)  It appears that the Third Circuit construed petitioner's argument as a motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure to

(Footnote 3 continued):

...

---

(<u>Continuation of footnote 3</u>):

reopen his first habeas petition, and not as a second habeas petition. The Third Circuit cited <u>Gonzales v. Crosby</u>, 545 U.S. 524, 538, 125 S.Ct. 2641, 2651, 162 L.Ed.2d 480, 496 (2005), which held that:

> a Rule 60(b)(6) motion in a § 2244 case is not to be treated as a successive habeas petition if it does not assert, or reassert, claims of error in the movant's state conviction. A motion that, like petitioner's challenges only the District Court's failure to reach the merits does not warrant such treatment, and can therefore be ruled upon by the District Court without precertification by the Court of Appeals pursuant to § 2244(b)(3).

Thus, the Third Circuit merely acknowledged that petitioner does not need authorization to file a Rule 60(b) motion in this court, but the Third Circuit did not provide petitioner with authorization to file a second or successive habeas petition.

Nonetheless, petitioner proceeded to file the March 10, 2011 habeas petition. Chief Magistrate Judge Rueter correctly determined that the petition was a second or successive habeas petition, and not a rule 60(b) motion, because the petition listed several substantive claims for habeas relief that were not provided in the document that the Third Circuit construed as a Rule 60(b) motion. Therefore, Chief Magistrate Judge Rueter properly concluded that, because the Third Circuit did not authorize this court to consider a second or successive habeas petition, the petition must be dismissed for lack of jurisdiction. <u>Burton v. Stewart</u>, 549 U.S. 147, 152, 127 S.Ct. 793, 796, 166 L.Ed.2d 628, 634 (2007).

Further, even if petitioner proceeds solely on the equitable tolling issue, as he requests in his objections, this approach does not circumvent the fact that the Third Circuit has not authorized him to proceed with a second or successive habeas petition on any issue. Accordingly, I overrule petitioner's objection.

Although petitioner does not object to Chief Magistrate Judge Rueter's conclusion that the March 10, 2011 document is a habeas petition and not a Rule 60(b) motion, even construing the document as a Rule 60(b) motion to reopen petitioner's 2005 habeas proceedings does not entitle petitioner to relief.

Rule 60(b)(6), the only provision that is applicable to petitioner's equitable tolling argument, provides: "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:...(6) any other reason that justifies relief." Fed.R.Civ.P. 60(b)(6).

Even if petitioner is correct that, pursuant to <u>Holland</u>, <u>supra</u>, the statute of limitations on his first petition should be equitably tolled, the Third Circuit has made clear that legal error does not by itself justify Rule 60(b)(6) relief. <u>Pridgen v. Shannon</u>, 380 F.3d 721, 728 (3d Cir. 2004).

(<u>Footnote 3 continued</u>):

IT IS FURTHER ORDERED that the petition for writ of habeas corpus is dismissed without a hearing.

IT IS FURTHER ORDERED that because petitioner has not met statutory requirements to have his case heard, and no reasonable jurist could find this procedural ruling debatable,

---

(Continuation of footnote 3):

Only extraordinary and special circumstances justify relief under Rule 60(b)(6).  Page v. Schweiker, 786 F.2d 150, 158 (3d Cir. 1986).  "Such circumstances will rarely occur in the habeas context."  Gonzales, 545 U.S. at 535, 125 S.Ct. at 2649, 162 L.Ed.2d at 494.

   Petitioner has presented nothing which rises to the level of such extraordinary or special circumstances as would warrant revisiting the decision that his first petition is barred by the one-year statute of limitations imposed by the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA").  See 28 U.S.C. § 2244(d)(1).

   Although Holland expands on equitably tolling the AEDPA one-year statute of limitations regarding allegations of attorney error, "not every interpretation of the federal statutes setting forth the requirements for habeas provides cause for reopening cases long since final."  Gonzales, 545 U.S. at 536, 125 S.Ct. at 2650, 162 L.Ed.2d at 495.  As the United States Supreme Court has held, "[i]t is hardly extraordinary that subsequently, after petitioner's case was no longer pending, this Court arrived at a different interpretation" of the AEDPA statute of limitations.  Id.  Thus, petitioner is not entitled to relief even if his petition is construed as a Rule 60(b) motion.

   Moreover, upon review of the Report and Recommendation, together with de novo review of this matter, I conclude that the Report and Recommendation correctly determines the legal issues raised by petitioner. Accordingly, I approve and adopt Chief Magistrate Judge Rueter's Report and Recommendation and overrule petitioner's objection to the Report and Recommendation.

and because petitioner fails to demonstrate denial of a constitutional right, a certificate of appealability is denied.[4]

                              BY THE COURT:

                               /s/ James Knoll Gardner
                              James Knoll Gardner
                              United States District Judge

---

[4] See Slack v. McDaniel, 529 U.S. 473, 484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542, 555 (2000).